IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INT'L ASS'N OF HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL UNION #50 COLUMBUS AND DAYTON, OHIO, *et al.*, | : : : : | Civil Action 2:09-cv-684 |
| Plaintiffs, | : | Magistrate Judge Abel |
| v. | : | |
| STOTTS MECHANICAL INSULATION, INC., | | |
| Defendant. | | |

**OPINION AND ORDER**

This matter is before the Court pursuant to Plaintiffs' Motion for Interlocutory Summary Judgment Including Equitable Relief (Doc. 10). Plaintiffs are moving, under Fed. R. Civ. P. 56(d)(2), for an interlocutory summary judgment, which "may be rendered on liability alone, even if there is a genuine issue on the amount of damages." Defendants, although they have been served, are represented by counsel, have filed an answer in this matter, and appeared at the preliminary pretrial conference, have not opposed this motion.

Plaintiffs are the International Association of Heat and Frost Insulators and Allied Workers Local Union #50 Columbus and Dayton, Ohio ("Local 50"), its

1

affiliated annuity fund, and its affiliated joint apprenticeship and training committee.  Their complaint stated that Defendant entered into a collective bargaining agreement with Local 50 effective March 17, 2008 to June 30, 2012. (Doc. 2 at 3.)  This collective bargaining agreement obligates Defendant monthly to pay into the various funds (health and welfare, pension, annuity, JATC, and industry fund) administered by Plaintiffs, by the tenth day of the following month. (Doc. 10-2 at 15.)  It also requires Defendant to withhold dues from its employees' weekly pay, and to timely remit these to Local 50 by the tenth day of the following month.  (Id. at 15.)  However, according to the affidavit of Dorsey Hager, Jr., the business manager of Local 50, which accompanied the motion for summary judgment:

> 8.   Stotts Mechanical Insulation, Inc. has been repeatedly delinquent in payment of contributions to the Annuity Fund and Joint Apprenticeship And Training Committee, and has been persistently delinquent in payment to Local Union No. 50 of dues that Stotts Mechanical Insulation, Inc. withholds from the weekly pay of its employees.  March 2009 dues and JATC contributions were paid in December, 2009.  JATC contributions and dues for April, 2009 were paid in January, 2010.  May and June, 2009 dues and JATC contributions were paid in January, 2010.  July, August, and September, 2009 JATC contributions and dues were paid in October, 2009.  October, 2009 dues and JATC contributions were paid timely. November 2009 dues and JATC contributions were paid timely. December, 2009 dues and JATC contributions were paid timely. January, 2010 dues and JATC contributions were paid on February 24, 2010.  February, 2010 dues and JATC contributions were paid on May 6, 2010.  March, 2010 dues and JATC contributions were paid on May 6, 2010.  Of the $0.21 per hour JATC contributions, $0.08 is deducted from the pay of the employees, and $0.13 is contributed by Stotts Mechanical Insulation, Inc.
>
> 9.   Stotts Mechanical Insulation, Inc. has been repeatedly delinquent

> in payment of contributions to the Annuity Fund. Contributions for March, April, May and June, 2009 were paid on September 9, 2009. Contributions for July, August, and September, 2009 were paid on October 30, 2009. Contributions for October and November, 2009 were paid timely. Contributions for December, 2009 were paid on February 18, 2009. Contributions for January, 2010 were paid on March 23, 2010. Contributions for February, 2010 were partially paid on May 1, 2010. Contributions for March and April, 2010 are delinquent.

(Doc. 10-1 at 4.)

Plaintiffs have brought suit pursuant to 29 U.S.C. §1145, part of the Employee Retirement Income Security Act, for failure to make contributions to a multiemployer collective bargaining agreement in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. §1132(g)(2) provides:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A).
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

Plaintiffs' instant motion is for interlocutory summary judgment on the

matter of liability, stating that there is no genuine issue of material fact as to Defendants' liability for making the plan contributions.  They have attached the affidavit of Dorsey Hager, Jr., as to the failures to pay, and a copy of the 2008-2012 Local 50 collective bargaining agreement.  It is signed by Linda Stotts as president of Defendant Stotts Mechanical Insulation, Inc., and Mr. Hager as representative of Local 50. (Doc. 10-2;  10-3 at 1.)  Defendants filed an answer generally denying all of Plaintiff's claims for want of knowledge, stating that Plaintiffs had failed to join indispensable parties, and raising the affirmative defenses of failure to state a claim upon which may be granted, waiver, estoppel, and laches. (Doc. 5 at 2.)  Defendants did not, however, oppose the interlocutory summary judgment motion.

**<u>Summary judgment</u>**.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993).  To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

4

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations [...] but [...] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

<u>Analysis</u>.

There is no genuine issue of material fact as to whether Defendant Stotts

Mechanical Insulation, Inc. is liable under the 2008-2012 Local 50 collective bargaining agreement for making contributions to the Local 50 funds and for remitting dues. Plaintiffs are accordingly entitled to summary judgment on the question of Defendant's liability.

In their complaint, Plaintiffs stated that Defendant has similarly failed to remit reports indicating the amounts of dues and contributions payable. (Doc. 2 at 4-5.) Although they requested in their prayer for relief that the Court order Defendant to file true and accurate reports, they have not sought these reports in their motion for summary judgment. As access to Defendant's records is presumably necessary in order for Plaintiffs to determine the precise amount of damages they claim, the Court concludes that Plaintiffs will request these records in discovery and that they will file a motion to compel production if necessary.

Plaintiffs, in their interlocutory summary judgment motion, also stated that "[a]s part of the Court's order, it is requested that the Court order the Defendant to timely pay and remit all future contributions and dues when due under the terms of the collective bargaining agreement." (Doc. 10 at 2.) Defendant has made no opposition to this motion, and the equitable relief requested will be granted.

Conclusion.

Accordingly, Plaintiffs' motion (Doc. 10) is **GRANTED**. They are entitled to summary judgment as to liability only. Counsel for all parties are **DIRECTED** to call my chambers (614.719.3370) on or before **Friday, August 6, 2010**, to report on

6

the progress of discovery as to damages, and to establish a telephone status conference if necessary.

Defendant is further **ORDERED** to timely pay and remit all future contributions and dues when due under the terms of its collective bargaining agreement with Local 50.

The Clerk of Court is **DIRECTED** to mail a copy of this order to Stotts Mechanical Insulation, Inc., c/o Linda Stotts, P.O. Box 697, Grove City, Ohio, 43123-0697.

s/Mark R. Abel
United States Magistrate Judge
